```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


CHARLIE SANTOS RODRIGUEZ,       §
TDCJ-CID # 665265,              §
                                §
              Plaintiff,        §
                                §
v.                              §    CIVIL ACTION NO. H-07-4258
                                §
NATHANIEL QUARTERMAN,           §
                                §
              Defendant.        §
```

**MEMORANDUM OPINION AND ORDER**

Charlie Santos Rodriguez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a pleading using a form for filing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, an examination of the pleading reveals that it is actually a 42 U.S.C. § 1983 prisoner civil rights complaint concerning lost personal property. This court has determined that this action should be **DISMISSED** as frivolous.

### I. Allegations and Claims

Rodriguez, who is currently assigned to the Jester 4 Psychiatric Unit, asserts that his property was lost while he was at Jester 4. He further states that he has an inventory list with

a control number but that no commissary or property officer has accounted for the lost property.  Rodriguez contends that he is entitled to reimbursement pursuant to TDCJ-CID policy which entitles an inmate to a maximum of $ 50.00 per lost item.

## II. Analysis

The primary purpose of prisoner civil rights actions is to allow the courts to address complaints where prison officials have harmed their prisoners through the abuse of their official powers. See Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir. 1996).  The federal courts have recognized that prisoners are entitled to humane conditions of confinement.  See Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001).

Rodriguez does not complain about conditions or actions which subjected him to harm or risk of injury.  He alleges that he lost his property and is entitled to compensation.  Such a claim is not actionable where the State provides a remedy.  Hudson v. Palmer, 104 S.Ct. 3194 (1984); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  Texas law provides an adequate remedy for unauthorized taking of property.  See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995).  Rodriguez's dissatisfaction with TDCJ-CID's handling of his property claim does not support a civil rights violation.

Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).  Rodriguez's claim is subject to dismissal as frivolous because it lacks an arguable basis in law.  28 U.S.C. §  1915A; Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

### III. Application to Proceed In Forma Pauperis

Rodriguez's Application to Proceed In Forma Pauperis (Docket Entry No. 2) reveals that he has received over $ 6000.00 in the past twelve months and that he currently has $ 4,747.00 in checking or savings accounts.  Rodriguez is obligated to pay the entire filing fee ($ 350.00) under 28 U.S.C. § 1915(b).  The Application shall be denied, and the TDCJ-CID Inmate Trust Fund shall withdraw $ 350.00 from Rodriguez's inmate account and forward the funds to the District Clerk.

### IV. Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED.**

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3.  This cause of action, filed by Inmate Charlie Santos Rodriguez, TDCJ-CID # 665265, is **DISMISSED** as frivolous. 28 U.S.C. § 1915A.

4.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 18TH day of December, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE